Nicholson, C. J.,
delivered the opinion of the court.
This was an action for killing a valuable brood sow. There was judgment for Fantz for the value of the sow, and Staub has appealed.
It appears that the sow was in the habit of making nightly raids upon Staub’s flower and vegetable garden in the city of Knoxville, and that Staub finally abated the nuisance by killing the sow.
*767 It was shown in proof that the fence around the premises was not five feet high, t and, in reference to this proof, Staub’s counsel asked the court to charge the jury that the section of the Code prescribing the character of fences that are lawful was not to be construed as applicable to'enclosures in incorporated cities or towns, but to farms or plantations used in the -country for agricultural purposes. The court refused so to charge, and this is the error complained of.
The language of sec. 1682 of .the Code is: “Every planter shall make a sufficient fence about his cleared land in cultivation at least five feet high, and so close, for at least three feet from the surface of the earth, as to prevent hogs from passing through the same.”
The question is, did the Legislature intend this direction as to fences to be applicable to residences and the grounds attached to them in towns or cities? The term “planter” indicates the occupation of the party who is directed to have his fence five feet high. This term, in its general sense, would apply to any one who plants, whether in town or country, but the statute goes further, and says “the planter shall make a sufficient fence about his cleared land in cultivation, and also that it shall be so close for three feet from the ground as to keep out hogs.” All this seems to. point to the occupation of planting or farming and raising stock, and therefore could not, without sticking to the literal meaning of the language, be construed to apply to residences and gardens in towns and cities. Hogs are not usually raised in *768 cities and towns as part of the occupation of the inhabitants, nor are fences made therein with any view to keep out hogs.
Upon the whole, we are of opinion that the court erred in refusing to charge as requested, and for this error the judgment is reversed and another trial awarded.